CENTER FOR DISABILITY ACCESS
Dennis Price, Esq., SBN 195058
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Samuel Love**, | Case: 5:18-CV-00547-SJO-SHK |
| Plaintiff, | **Plaintiff's Memorandum of Points and Authorities in Support of Application for Default Judgment by Court Against Martin C. Jacinto and Caroline Ramirez, and Request to Affix Fees** |
| v. | |
| **Martin C. Jacinto; Caroline Ramirez;** and Does 1-10, | |
| Defendants. | |

---

1

## TABLE OF CONTENTS

2

3   **I.     PROCEDURAL POSTURE** -------------------------------------------------1

4   **II.    CONCISE FACTUAL STATEMENT**-------------------------------------1

5   **III.   ARGUMENT** ----------------------------------------------------------------2

6          A.   The Americans with Disabilities Act ------------------------------------2

7               1.   *The Plaintiff is Disabled* ----------------------------------------4

8               2.   *The Defendant's Business is a Public Accommodation* ----------------4

9               3.   *The Business Presented Physical Barriers*------------------------4

10              4.   *Summary* --------------------------------------------------5

11         B.   The Unruh Civil Rights Act ------------------------------------------6

12  **IV.   THE EITEL FACTORS SUPPORT GRANTING THE MSJ** -------------6

13         A.   Possibility of Prejudice to Plaintiff --------------------------------7

14         B.   The Merits and Sufficiency of the Plaintiff's Claims & Complaint ----------7

15         C.   The Sum of Money at Stake-----------------------------------------7

16         D.   The Possibility of Dispute----------------------------------------8

17         E.   The Possibility of Excusable Neglect----------------------------------8

18         F.   Policy Favoring Decision on the Merits-----------------------------8

19  **IV.   REQUEST TO AFFIX ATTORNEY FEES** --------------------------------9

20  **V.    CONCLUSION** --------------------------------------------------------- 10

21

22

23

24

25

26

27

28

ii

# TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe,*

   616 F.2d 1089 (9th Cir. 1980) .................................................................. 6

*Blackwell v. Foley,*

   724 F. Supp. 2d 1068 (N.D. Cal. 2010) ........................................... 9

*Chapman v. Pier 1 Imports (U.S.) Inc.,*

   631 F.3d 939 (9th Cir. 2011) ............................................................... 5

*City of Riverside v. Rivera,*

   477 U.S. 561 (1986) ................................................................................. 9

*Eitel v. McCool,*

   782 F.2d 1470 (9th Cir.1986) .................................................... 6, 8

*Geddes v. United Fin.Group,*

   559 F.2d 557 (9th Cir.1977) .......................................................... 6

*Goodwin v. C.N.J., Inc.,*

   436 F.3d 44 (1st Cir. 2006) ............................................................... 8

*Helen L. v. DiDario,*

   46 F.3d 325 (3rd Cir. 1995) ............................................................... 3

*Independent Living Resources v. Oregon Arena Corp.,*

   982 F.Supp 698 (D. Org. 1997) ..................................................... 3

*PepsiCo, Inc. v. California Sec. Cans,*

   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ..................................... 7, 8

*Roberts v. Royal Atlantic Corp.,*

   542 F.3d 363 (2nd Cir. 2008) ......................................................... 3

Plaintiff's Application for Default Judgment       Case: 5:18-CV-00547-SJO-SHK

*Shanghai Automation Instrument Co., Ltd. v. Kuei,*

    194 F. Supp. 2d 995 (N.D. Cal. 2001) ..................................................... 8

*Vogel v. Rite Aid Corp.,*

    992 F.Supp.2d 998 (C.D. Cal. 2014) ..................................................... 7

*Wilson v. Haria and Gogri Corp.,*

    479 F.Supp.2d 1127 (E.D. Cal. 2007) .................................................... 5

**Statutes**

42 U.S.C. § 12102(2)(A) ....................................................................... 4

42 U.S.C. § 12102(a) ............................................................................ 4

42 U.S.C. § 12181(7)(B) ....................................................................... 4

42 U.S.C. § 12182(a) ............................................................................ 4

42 U.S.C. § 12182(b)(2)(A)(iv) ......................................................... 3, 4

42 U.S.C. § 12188 ................................................................................. 5

42 U.S.C. § 12188(a) ............................................................................ 4

42 U.S.C. § 12205 ................................................................................. 8

ADAAG § 7.2(1) .................................................................................. 5

Cal. Civ. Code § 51(f) .......................................................................... 5

Cal. Civ. Code § 52(a) ...................................................................... 5, 8

Fed. R.Civ.Proc. 8(b)(6) ...................................................................... 6

Plaintiff's Application for Default Judgment    Case: 5:18-CV-00547-SJO-SHK

# I. PROCEDURAL POSTURE

The complaint was filed in federal court on March 19, 2018. The Proof of Service for Martin C. Jacinto and Caroline Ramirez, were filed on August 31, 2018.  The default was entered against defendants Martin C. Jacinto and Caroline Ramirez on September 11, 2018 for failure to respond to plaintiff's Complaint.

# II. CONCISE FACTUAL STATEMENT

Samuel Love is a paraplegic who cannot walk and who uses a wheelchair for mobility. Exhibit 2 (Love Dec), ¶ 2. He has a disabled persons parking placard issued by the State of California and he drives a specially equipped and modified van. *Id.* at ¶ 3. His van deploys a ramp so that he can wheel in and out of his vehicle. *Id.* He need the full "van accessible" access aisle in order to safely transfer to and from my van. *Id.* On January 16, 2018, Love went to the Albert's Window Tinting at 404 N. Waterman Avenue, San Bernardino, California in order to inquire about getting his windows tinted. *Id.* at ¶ 5. When he got there, Love discovered that there was not a single parking space marked and reserved for persons with disabilities. *Id.* at ¶ 6. The lack of any reserved accessible parking created difficulty for him and he chose to go elsewhere. *Id.* Due to the lack of accessible parking, Love has been deterred from further attempting to patronize Albert's. *Id.* at ¶ 9. Love is in the area on a regular and ongoing basis—every single month—and if Alberts provided accessible parking and path of travel, he would patronize their services in the future. *Id.* at ¶ 10.

Investigator Evens Louis went to the Albert's Window Tinting on March 12, 2018, and assessed the parking and took photos at the location. Exhibit 3 (Louis Dec), ¶ 2. He discovered that Alberts provides an off-street parking lot area for customers but there is no marked or reserved area or stall

1

for persons with disabilities. *Id.* at ¶ 3. Using a tape measure, Louis found that the path of travel from the parking area into the office has a 5-inch step with no ramp or alternative path of travel. *Id.* at ¶ 4. His photos are attached as exhibit 4.

### III. ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer the Complaint. In this case, defendants Martin C. Jacinto and Caroline Ramirez, were served with the Summons and Complaint evidenced by the Proof of Service of Summons on file with this Court. As detailed in the Declaration of Plaintiff's counsel, defendants Martin C. Jacinto and Caroline Ramirez, are not infants or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendants Martin C. Jacinto and Caroline Ramirez, were on notice as to what the Plaintiff was seeking as they were served with the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

1. **For injunctive relief**, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.
2. **Damages** under the Unruh Civil Rights Act provide for actual damages and a statutory **minimum of $4,000**.
3. **Reasonable attorney fees, litigation expenses and costs of suit**, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

See complaint and prayer. The Plaintiff is entitled to the relief that he has prayed for in his Complaint.

---

Plaintiff's Application for Default Judgment          Case: 5:18-CV-00547-SJO-SHK

## A.     The American with Disabilities Act

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  The term "discrimination" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance.  H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

*Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp 698, fn. 1 (D. Org. 1997). The scope of the Act covers not only intentional discrimination, but also the discriminatory effects of "benign neglect, apathy, and indifference." *Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) (internal quotations omitted).

To succeed on his Title III, ADA claim, the plaintiff must, "establish that (1) he is disabled within the meaning of the ADA; (2) that the defendant's own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);

2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv);

4. The Plaintiff must have encountered the architectural barrier precluding him full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, the plaintiff's civil rights were violated because defendants Martin C. Jacinto and Caroline Ramirez, failed to provide accessible parking space at the Albert's located at or about 404 N. Waterman Avenue, San Bernardino, California. Plaintiff will discuss each element, seriatim.

### 1.   *The Plaintiff is Disabled*

The plaintiff is a man with severe mobility impairments who cannot walk and uses a wheelchair for mobility. There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. *See* 42 U.S.C. § 12102(2)(A) (Defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

### 2.   *The Defendant's Business is a Public Accommodation*

Service establishments are expressly identified as places of public accommodation and subject to Title III of the ADA. See 42 U.S.C. § 12181(7)(F).

4

### 3.    *The Business Presented Physical Barriers*

In the present case, the lack of accessible parking space and accessible path of travel from parking to the business office entrance are barriers to the plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

Any business that provides parking must provide accessible parking. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of handicap parking spaces is dependent on the total number of parking spaces available. *Id*. According to the 1991 Standards, if between 1 and 25 spaces are provided, there must be at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, *i.e.*, having an eight-foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

Here, the failure to provide even a single accessible parking spaces is a violation of the ADA under any standard.

Additionally, there must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id*. 2010 Standards § 303.4. Here, the unramped step is a violation of the ADA.

Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*,  479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007)  (if a defendant

"has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal....") Here this is not an issue raised in contention. Moreover, the complaint allegation that a defendant failed to meet their barrier removal allegation is sufficient in a default judgment setting. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

### 4.   *Summary*

The plaintiff is disabled. The defendant's business has unlawful barriers. The defendants failed to remove those barriers and violated the American with Disabilities Act. Plaintiff is entitled to an order requiring defendant to remove those unlawful barriers. *See* 42 U.S.C. § 12188.

## B.   The Unruh Civil Rights Act

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that he was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff is asking for no more than a single statutory minimum penalty assessment of $4,000.00 as specified in California Civil Code § 52, and the actual attorney fees and costs that he has incurred in the amount of

$4,995.00. See declaration of Dennis Price filed contemporaneously with this Application.

## IV. THE EITEL FACTORS SUPPORT
## GRANTING SUMMARY JUDGMENT

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also*, *e.g.*, *Geddes v. United Fin.Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986). A consideration of these merits favors granting default judgment.

### A.    Possibility of Prejudice to Plaintiff

The plaintiff, a profoundly disabled person, has alleged that he suffers discrimination due to the defendants' failure to comply with the ADA and Unruh. When a defendant has failed to appear and defend the claims, a

plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA and Unruh, relying upon this rationale).

**B.    The Merits of the Plaintiff's Claims and Sufficiency of the Claim**

These two *Eitel* factors are discussed above under section III of this brief. The plaintiff has sufficiently stated a meritorious claim.

**C.    The Sum of Money at Stake**

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, *supra*, at *8. Here, the plaintiff only seeks a total of $8,995.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

**D.    The Possibility of Dispute**

Where there is a properly pled and supported complaint and the defendant has failed to oppose the motion, there is "no factual dispute exists that would preclude the entry of default judgment" and this factors "favors the entry of default judgment . . .." *Id.* at *9.

8

**E.**    **The Possibility of Excusable Neglect**

While there is always a "theoretical possibility" that the defendant might show up claiming excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

**F.**    **Policy Favoring Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F.Supp.2d at 1177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Given that the defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

## IV. REQUEST TO AFFIX ATTORNEY FEES

The plaintiff's rights were violated under Title III of the American with Disabilities Act and the Unruh Civil Rights Act. Under both Title III of the ADA and the Unruh Civil Rights Act, a prevailing plaintiff is entitled to an award of reasonable attorney fees. See 42 U.S.C. § 12205; Cal. Civ. § 52(a). As the Ninth Circuit has recently held, it is inappropriate to use the default fee schedule under Local Rule 55 for ADA and Unruh civil rights cases. *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018)

9

1

**V. CONCLUSION**

The plaintiff respectfully request this Court grant his application for default judgment and issue the proposed judgment.

Dated: October 29, 2018                    CENTER FOR DISABILITY ACCESS

By: */s/ Dennis Price*
Dennis Price, Esq.
Attorneys for Plaintiff

Plaintiff's Application for Default Judgment          Case: 5:18-CV-00547-SJO-SHK